IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J & J TECHNICAL SERVICES, L.L.C. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| TECH-FLO CONSULTING, LLC, | § | |
| | § | CIVIL ACTION NO. 4:13-cv-2096 |
| DOWNHOLE PRODUCTION SOLUTIONS L.L.C., | § | |
| | § | |
| ERIK REISSIG | § | |
| Individually, | § | |
| | § | |
| THOMAS R. JACKSON | § | |
| Individually, | § | |
| | § | |
| and | § | |
| | § | JURY DEMANDED |
| WILLIAM J. JACKSON | § | |
| Individually, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF J & J TECHNICAL SERVICES, L.L.C.'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff J & J Technical Services, L.L.C. ("JJ Tech") submits this Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction to restrain Defendants Tech-Flo Consulting, LLC ("Tech-Flo"), Downhole Production Solutions L.L.C. ("DPS"), Erik Reissig, Thomas

R. Jackson (a/k/a "Roland Jackson") and William J. Jackson (a/k/a "Bill Jackson") (collectively, "Defendants") from further use and infringement of JJ Tech's tradename and trademarks/servicemarks and to further restrain Defendants from continuing their infringement of JJ Tech's copyrighted Jet Pump Software and Technical Drawings and to preserve the status quo by prohibiting the destruction of documents and records.

This is a copyright and trademark infringement action among other causes of action.  As delineated in the Verified Complaint, Defendants have engaged in theft and use of Tech's copyrighted software and copyrighted confidential and proprietary technical drawings and infringement and use of JJ Tech's tradename and trademarks/servicemarks.  In addition, Defendants have removed indicia of copyright ownership from JJ Tech's copyrighted software and copyrighted confidential and proprietary technical drawings in violation of the Digital Millennium Copyright Act. Defendants have also falsely designated the origin of their software and misrepresented the nature of goods and services in commercial advertising by using JJ Tech's tradename and trademarks/servicemarks in such a way to cause confusion in the marketplace.

In light of Defendants' actions, a limited TRO is needed to preserve the value of JJ Tech's intellectual property including its copyrighted software and proprietary technical drawings, tradename, and trademarks/servicemarks and prevent further

infringement and use of JJ Tech's intellectual property until the Court is able to hear Plaintiff's motion for a preliminary injunction.

JJ Tech seeks injunctive relief in the form of a TRO and preliminary injunction as it is being irreparably harmed by Defendants' copyright and trademark infringement and by the Defendants' continued use of its copyrighted software and confidential and proprietary technical drawings, tradename, and trademarks/servicemarks, the balance of the hardships favor JJ Tech, and a preliminary injunction is in the public interest. Absent preliminary relief, by the time JJ Tech prevails in this case– Defendants' use of JJ Tech's exclusive rights as the owner of its trademarks/servicemarks and copyrighted works will continue and thereby further deprive JJ Tech of the exclusive rights in its copyrighted Jet Pump Software and Technical Drawings and cause irreparable and immeasurable harm to and loss of its good will and reputation as a result of Defendants' continued infringement. Defendants' continued infringement will continue to diminish the value of its proprietary Jet Pump Software and Technical Drawings in a manner that cannot be measured.

## I.     Factual Background

JJ Tech is a U.S. based, worldwide supplier of artificial lift systems and hydraulic jet pump solutions to the oil and gas industry. JJ Tech was formed in 2002 to acquire, manufacture, and market the patented New Coleman Jet Pump. This pump was developed to produce large volumes of subsurface formation fluids with inclusions of

moderate to high solid content. Its unique design allows easy retrieval of the pump from the wellbore for replacement of the nozzle or mixing tube. This retrieval is accomplished by adjusting the surface valves and reversing the circulation of fluid with the existing surface pump; no wire line, pulling unit or work over rig is typically required. The renamed **JJ Tech Jet Pump** and the patented JJ Tech **ULTRA FLO**™ Production System offers the oil and gas industry an artificial lift solution superior to other alternatives when dealing with a range of downhole issues, including:

- Producing Horizontal and Deviated Wells
- Accelerating Frac Fluid Flowback
- Gas Well Dewatering
- Maximizing Oil Production
- Wells Producing Sand and Solids

A critical aspect of JJ Tech's jet pump is the sizing and optimization of nozzles and mixing tubes for its jet pump which enable an operator to efficiently operate the jet pump through a wide-range of well conditions. JJ Tech better serves its customers because of its ability to determine and deliver the optimal combination of nozzle and mixing tube sizes (from over 125 possible combinations) for the specific conditions in a well through the use of a copyrighted optimization software program known as the Jet Pump Program™ software (referred to as "Jet Pump Software"). The copyrighted Jet Pump Software is user-friendly, menu driven and allows JJ Tech's technical staff to determine an optimal jet pump configuration and nozzle and mixing tube size

combination, without the typical trial and error approach found in other applications and jet pumps. Moreover, JJ Tech's copyrighted Jet Pump Software generates a set of operating curves for the jet pump which are typically provided to the jet pump purchaser; operating curves that provide the jet pump purchaser with a graphical representation of the expected pump characteristics for the specific well and fluids to be pumped.

JJ Tech is the registered copyright owner of the Jet Pump Software, as well as the copyright owner of technical drawings for mixing tubes and nozzles, which contain proprietary and confidential fabrication information for the manufacture of nozzles and mixing tubes for JJ Tech's Jet Pumps. JJ Tech is also the owner of the following common law trademarks/servicemarks: "**JJ Tech**$^{SM}$", **JJ Tech logo**, and "**New Coleman Pump Company**$^{SM}$". JJ Tech has expended considerable resources in developing and marketing its Jet Pumps, through its Jet Pump Software. Defendants' use of JJ Tech's copyrighted software and confidential and proprietary technical drawings, as well as trademarks/servicemarks is improper and threatens JJ Tech with significant, long-term and immeasurable harm.

Defendants will continue to use the infringing copies of the Jet Pump Software, as well as continue to pass off JJ Tech's copyrighted Jet Pump Software as their own; continue to use JJ Tech's copyrighted confidential and proprietary Technical Drawings; and continue to use JJ Tech's tradename and trademarks/servicemarks unless restrained

by this Court. Further, Defendants' actions have a direct impact on the value of JJ Tech's copyrights, tradename and trademarks/servicemarks that is difficult to calculate.

## II. Legal Standard for Granting a Temporary Restraining Order and Preliminary Injunction

To establish the need for extraordinary relief in the form of a temporary restraining order or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, movant has the burden to demonstrate each of four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Janvey v. Alguire*, 628 F.3d 164, 174 (5th Cir. 2010). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires a clear showing of the above delineated elements. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). In addition, an injunction must be narrowly tailored to remedy the specific actions necessitating the injunction. *Doe v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004).

## III. JJ Tech is Entitled to a Temporary Restraining Order and Preliminary Injunction

### A. JJ Tech is Likely to Succeed on the Merits of Its Claims

JJ Tech is the owner of the copyrighted Jet Pump Software. An injunction is statutorily authorized pursuant to 17 U.S.C. § 502. Plaintiff seeks to enjoin Defendants

from exercising the rights granted exclusively to JJ Tech as the owner of the software pursuant to 17 U.S.C. §106. Plaintiff seeks an injunction which provides the following relief:

(i) Prohibiting Defendants from continued use of JJ Tech's trademarks/servicemarks on any Tech-Flo and DPS marketing materials;

(ii) Prohibiting Defendants from continuing to represent Tech-Flo and DPS as affiliated and/or associated with JJ Tech in any manner;

(iii) Prohibiting Defendants from continued use of JJ Tech's copyrighted Jet Pump Software to size and/or select mixing tubes and/or nozzles for jet pumps except for jet pumps manufactured by JJ Tech or under license from JJ Tech;

(iv) Prohibiting Defendants from continued use of JJ Tech's copyrighted Technical Drawings to manufacture jet pump components including mixing tubes and/or nozzles for jet pumps;

(v) Prohibiting Defendants from removing any copyright management information from JJ Tech's copyrighted Jet Pump Software and copyrighted Technical Drawings;

(vi) Prohibiting Defendants from falsely designating the origin of or falsely misrepresenting their goods/services in commercial advertising as those of JJ Tech;

(vii) Prohibiting Defendants from destroying or altering any document, computer or tangible thing relating in any way to the information, documents and materials referenced in this Complaint; and

(viii) Prohibiting Roland Jackson from continuing to use the know how, confidential information, and technical information sold by him to JJ Tech pursuant to the P&S Agreement.

As set forth below, Plaintiff is likely to succeed on the merits of its claims.

**Counts 1 & 2: Willful Violations of the US Copyright Act: Unauthorized Copying, Use and Preparation of Derivative Works of Copyrighted Jet Pump Software and Copyrighted Technical Drawings**

JJ Tech is the registered copyright owner of the Jet Pump Software, known by the tradename, "**The New Coleman Pump Co.**" JJ Tech's Registration No. for the Jet Pump Software is TXu 1-853-579. "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Further, JJ Tech has applied for copyright registration of its Technical Drawings.

As the owner of a valid copyright in the Jet Pump Software and Technical Drawings, JJ Tech will be able to establish its copyright infringement claims by proffering proof of willful and deliberate, actionable copying, use and preparation of derivative works by Defendants. *Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-cv-0675, 2011 U.S. Dist. LEXIS 42802, at *17 (S.D. Tex. Apr. 20, 2011).

**Counts 3 & 4: Willful Violations of US Copyright Act: Removal of Copyright Management Information on JJ Tech's Copyrighted Jet Pump Software, and Removal of Indicia of Ownership on JJ Tech's Copyrighted Technical Drawings**

JJ Tech is likely to succeed on the merits of its Digital Millennium Copyright Act claims, because of Defendants' willful and deliberate acts including intentional removal or alteration of copyright management information contained on and generated with JJ

Tech's Jet Pump Software, as well as intentional removal of indicia of JJ Tech's ownership from its Technical Drawings.

**Counts 5 & 6: Violations of US Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Designation of Origin, Use of JJ Tech's Trademarks/Servicemarks to Cause Confusion in the Marketplace, and 15 U.S.C. § 1125(a)(1)(B): Misrepresenting Nature of Goods and Services in Commercial Advertising By Using JJ Tech's Trademarks/Servicemarks to Cause Confusion in the Marketplace as to Designation of Origin**

JJ Tech is the owner of several common law trademarks/servicemarks including, "**JJ Tech**$^{SM}$", **JJ Tech logo**, "**New Coleman Pump Company**$^{TM}$". Where trademark ownership is established, the Lanham Act provides a cause of action for trademark infringement where there is use of any reproduction, counterfeit, copy, or colorable imitation of a mark without the registrant's consent, in commerce, in connection with the sale, offering for sale, distribution, or advertising of any goods, and where such use is likely to cause confusion, mistake, or to deceive. *Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009). False designation of origin claims fall under a similar analysis, although the scope of the inquiry is broader. *Id.*

JJ Tech is likely to prevail on its false designation of origin and misrepresentation claims because there at least one known case of consumer confusion has resulted, thus supporting both of JJ Tech's above claims. Public interest would be served by issuance of the requested injunctive relief, particularly in view of the actual consumer confusion resulting from Defendants' use of JJ Tech's trademarks and servicemarks.

**Counts 7, 8, & 9: Unfair Competition under US Lanham Act, 15 U.S.C. § 1125(c): Dilution by Blurring and Dilution by Tarnishment, and Unfair Competition under Texas Common Law**

The consumer confusion described above with respect to JJ Tech's false designation of origin and misrepresentation claims also supports JJ Tech's likelihood of success on the merits of its unfair completion claims.

**Count 12: Breach of P&S Agreement**

In addition to Defendants' violations of the Copyright Act and Lanham Act, Defendant Thomas R. Jackson (a/k/a "Roland Jackson") is further in breach of the P&S Agreement.  JJ Tech is likely to succeed on the merits of its breach of contract claim, given its investigation of the Defendants' activities which clearly establish use of trade secrets, know how and confidential information assigned to JJ Tech by Roland Jackson pursuant to the P&S Agreement.

**B.  JJ Tech Will Suffer Irreparable Harm Without an Injunction**

"Irreparable harm is presumed when a copyright is infringed." *Entm't& Sports Programming Network, Inc. v. Edinburg Cmty. Hotel, Inc.,* 735 F. Supp. 1334, 1343 (S.D. Tex. 1986).  In addition, "[c]ontinuing infringement of copyright cannot be adequately addressed by damages after the fact."  *Positive Software Sol., Inc. v.New Century Mortg.Corp.,* 259 F. Supp. 2d 531, 537 (N.D. Tex. 2003).

With respect to Lanham Act claims, proof of a likelihood of confusion creates a similar presumption of irreparable harm. *Fed. Express Corp. v. Fed.Espresso, Inc.*, 201 F. 3d 168, 174 (2nd Cir. 2000).

Similarly continued use of JJ Tech's confidential information and trade secrets by Roland Jackson will continue to cause irreparable harm to JJ Tech.

Absent preliminary relief in the form of a TRO and preliminary injunction, Defendants' continued theft of JJ Tech's intellectual property, including its copyrighted software, copyrighted confidential and proprietary technical drawings, tradename, and trademarks/servicemarks, will inflict substantial and irreparable harm on JJ Tech. Left unrestrained, Defendants wrongful conduct will no doubt be further continued, and even accelerated based on their activities to date. Absent an injunction, Plaintiff's business will continue to suffer. Loss of reputation and goodwill as well as the detrimental effect on the value of its Jet Pump Software and Technical Drawings, tradename, and trademarks/servicemarks, are difficult to calculate if Defendants' unauthorized conduct is permitted to continue. Also, damages stemming from Defendants' unlicensed use of JJ Tech's copyrighted Jet Pump Software and Technical Drawings become more difficult to calculate. Therefore, JJ Tech submits that it would suffer irreparable harm in the absence of injunctive relief.

**C. Balance of Hardships Strongly Favors an Injunction**

The irreparable harm to JJ Tech's business absent injunctive relief far outweighs any potential harm to Defendants.  The benefit of protecting JJ Tech's intellectual property including its copyrighted Jet Pump software and copyrighted Technical Drawings, tradename, and trademarks/servicemarks far outweighs the burden of enjoining Defendants' unauthorized acts.

Enjoining Defendants conduct with respect to JJ Tech's copyrighted software, copyrighted technical drawings, tradename, and trademarks/servicemarks will not result in any cognizable harm to Defendant.  Any harm to Defendants is the result of their wrongful, infringing acts – acts which the Defendants are responsible for.  Moreover, the failure to grant an injunction merely serves to condone and sanction Defendants' unlawful infringing acts.

In contrast, there is no adequate remedy at law for JJ Tech, as its intellectual property rights are wholly threatened by Defendants' ongoing infringement.  Protection of JJ Tech's copyright and trademark rights is paramount to any potential disruption in Defendants' unauthorized use of JJ Tech's copyrighted Jet Pump Software, copyrighted Technical Drawings, tradename, and trademarks/servicemarks.   The balance of hardships, thus, strongly favors entry of a preliminary injunction.

**D.  Public Interest Will Not Be Disserved**

Granting the requested relief would not adversely affect public policy or public interest.  Rather, an injunction will serve the public interest by requiring compliance

with the Copyright Act, Lanham Act, Digital Millennium Copyright Act, and also by protecting Plaintiff's intellectual property rights. *See Flowserve*, No. 4:09-cv-0675, 2011 U.S. Dist. LEXIS 42802, at *31. "[T]he public interest is served by upholding copyright protections." *Atl. Recording Corp. v. Anderson*, No. H-06-3578, 2008 U.S. Dist. LEXIS 53654, at *27 (S.D. Tex. Mar. 12, 2008). Similarly, protection of valid trademarks does not disserve the public interest. *Quantum Fitness Corp. v. Quantum Lifestyle Ctrs., L.L.C.*, 83 F. Supp. 2d 810, 832 (S.D. Tex. 1999).

### IV. Bond and Hearing Requested

While Plaintiff believes that no bond is necessary, upon a finding by this Court that a bond is indeed necessary, JJ Tech will post bond. In the event the Court finds a bond should be posted, JJ Tech respectfully requests that the bond should be set in the amount of One Thousand Dollars ($1,000).

Plaintiff incorporates the allegations set forth in its Verified Complaint along with the allegations set forth in this Motion for a Temporary Restraining Order and Preliminary Injunction. Plaintiff requests a temporary restraining order enjoining and ordering Defendants, its officers, agents, servants, employees, and those in active concert or participation with them, during the pendency of this case, as follows:

1. Prohibiting Defendants from continued use of JJ Tech's trademarks/servicemarks on any Tech-Flo and DPS marketing materials;

2. Prohibiting Defendants from continuing to represent Tech-Flo and DPS as affiliated and/or associated with JJ Tech in any manner;

3. Prohibiting Defendants from continued use of JJ Tech's copyrighted Jet Pump Software to size and/or select mixing tubes and/or nozzles for jet pumps except for jet pumps manufactured by JJ Tech or under license from JJ Tech;

4. Prohibiting Defendants from continued use of JJ Tech's copyrighted Technical Drawings to manufacture jet pump components including mixing tubes and/or nozzles for jet pumps;

5. Prohibiting Defendants from removing any copyright management information from JJ Tech's copyrighted Jet Pump Software and copyrighted Technical Drawings;

6. Prohibiting Defendants from falsely designating the origin of or falsely misrepresenting their goods/services in commercial advertising as those of JJ Tech;

7. Prohibiting Defendants from destroying or altering any document, computer or tangible thing relating in any way to the information, documents and materials referenced in this Complaint; and

8. Prohibiting Roland Jackson from continuing to use the know how, confidential information, and technical information sold by him to JJ Tech pursuant to the P&S Agreement.

A Request for Emergency Hearing is contemporaneously filed with this Motion.

## Request for Preliminary Injunction

Plaintiff further requests this Court to set its Motion for a Preliminary Injunction for a hearing. After said hearing, Plaintiff requests this Court to issue an injunction against Defendants restraining and enjoining them from the acts set forth in subsections 1 – 8 above.

        Respectfully submitted,
        */s/ J. David Cabello*
        J. David Cabello
        Attorney-in-charge
        Texas Bar No. 03574500
        S.D. Texas I.D. No. 3514
        Wong, Cabello, Lutsch, Rutherford &
         Brucculeri, LLP
        20333 SH 249, Suite 600
        Houston, Texas 77070
        Tel.: (832) 446-2400
        Fax: (832) 446-2424
        Email: dcabello@counselip.com

        *Attorneys for Plaintiff*
        **J & J Technical Services, L.L.C.**

Of Counsel:
William A. Jones, Jr.
Law Office of William A. Jones, Jr.
P.O. Box 2644
210 West Florida Avenue
Ruston, Louisiana 71273-2644
Tel.: (318) 255-2944
Fax: (318) 254-8223
Email: billjones-coyle@suddenlinkmail.com

## Certificate of Service

The undersigned certifies that on July 17, 2013, a true and correct copy of the foregoing document was sent by Federal Express to the following addresses. A courtesy copy of this document was also forwarded to a process server along with the Verified Complaint in this action, for service.

Tech-Flo Consulting, LLC
9701 Pozos Lane
Conroe, Texas 77303

Downhole Production Solutions L.L.C.

9701 Pozos Lane
Conroe, Texas 77303

Erik Reissig
9701 Pozos Lane
Conroe, Texas 77303

Roland Jackson
9701 Pozos Lane
Conroe, Texas 77303

Bill Jackson
9701 Pozos Lane
Conroe, Texas 77303

/s/ *Sarah R. Cabello*
Sarah R. Cabello